

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-5-2002

# Lingenfelter v. Comm Social Security

Precedential or Non-Precedential:

Docket 1-2732

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Lingenfelter v. Comm Social Security" (2002). *2002 Decisions.* Paper 106.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/106

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

N0. 01-2732

JENNIFER M. LINGENFELTER,

Appellant

v.

*LARRY G. MASSANARI, ACTING COMMISSIONER
OF SOCIAL SECURITY

*(Pursuant to F.R.A.P. 43(c))


On Appeal From The United States District Court
For the Western District of Pennsylvania
(D.C. Civil No. 00-cv-000102)
District Judge:  Honorable D. Brooks Smith, Chief Judge


Submitted Pursuant to Third Circuit LAR 34.1(a)
January 24, 2002

BEFORE:  NYGAARD, and STAPLETON, Circuit Judges,
and SLEET, District Judge*

(Opinion filed  February 5, 2002 )

_____

*  Honorable Gregory M. Sleet, United States District Judge for the
District of Delaware,
   sitting by designation.


MEMORANDUM OPINION OF THE COURT


STAPLETON, Circuit Judge:

    Appellant Jennifer M. Lingenfelter applied for supplemental security
income

alleging disability due to depression, learning disability, and attention deficit hyperactivity disorder. The ALJ found that she has impairments consisting of depression, borderline intellectual functioning, and attention deficit hyperactivity disorder. While "severe," none of these impairments or combinations thereof were found to meet the criteria described in Listing 12.00, Mental Disorders, or any other listed impairments. The ALJ did find that Lingenfelter could not return to her past relevant work sandwich maker. Nevertheless, she was found to retain "the residual functional capacity to perform a wide range of simple, routine and repetitive work activity at all exertional levels of activity [so long as she avoids] work with excessive stress, public contact and significant interaction with coworkers." App. 17. Based on the testimony of a vocational expert, the ALJ found that given this residual functional capacity, her age and educational background, she is capable of making an adjustment to work which exists in significant numbers in the local and national economies.

The Appeals Council affirmed the ALJ's denial of benefits and the District Court granted summary judgment to the Commissioner. We will affirm that judgment essentially for the reasons set forth in the thorough Magistrate Judge's Report and adopted by the District Court.

We must affirm the Commissioner's decision if it is supported by substantial evidence. 42 U.S.C. 405(g). We conclude that it was.

The ALJ and the Commissioner determined that Lingenfelter did not have marked limitations in her functional abilities as required by paragraphs 12.04B and 12.05B of the Listings. While Lingenfelter testified that she withdraws during periods of depression and stays at home without dressing or bathing, there was conflicting evidence of frequent contact with family, friends and mental status reports that consistently characterized her as communicative, oriented and motivated. None of the medical evaluations indicated that her concentration deficiency met the level required by the listings and there was evidence that she had been able to hold down a job for a year as a sandwich maker. Given the conflicting evidence, the Commissioner permissibly concluded that

Lingenfelter had only slight restrictions in her social functioning abilities.

Similarly, the evidence relevant to Lingenfelter's residual functional capacity was in conflict and the ALJ chose to discount her testimony because it was not substantiated by the medical assessments or diagnostic reports and was inconsistent with much of the evidence concerning her daily habits.  Contrary to Lingenfelter's argument, the ALJ's hypothetical question to the vocational expert was supported by record evidence and the expert's response provided substantial evidence supporting the Commissioner's ultimate decision.

The judgment of the District Court will be affirmed.

TO THE CLERK:

Please file the foregoing Memorandum Opinion.


/s/ Walter K. Stapleton

Circuit Judge